UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**LILIA BELKOVA RUSSO,**   Case No. 5:21-cv-00025-TJC

    **Appellant,**

vs.

**PNC BANK, N.A.,**

    **Appellee.**

_____/

**APPELLEE PNC BANK, N.A.'S MOTION TO CONSOLIDATE INSTANT APPEAL WITH RELATED APPELLATE CASE**

COMES NOW Appellee, PNC BANK, N.A. ("PNC"), by and through its undersigned counsel, pursuant to this Court's Related Case Order and Track One Notice (D.E. 3) issued January 13, 2021; Local Rule 1.04; and Rule 42, Fed. R. Civ. P., and respectfully requests that the instant appeal assigned Case No. 5:21-cv-25-Oc-32 be consolidated with another pending and previously-filed appeal,[1] and in support hereof, states as follows:

**I.  RELEVANT BACKGROUND**

1.    On July 23, 2020, Appellant, Lilia Belkova Russo ("Appellant"), filed the underlying Chapter 12 bankruptcy action. [Case No. 3:20-bk-02204-RCT (the "Present Chapter 12 Bankruptcy")].

2.    Prior to that, on October 6, 2011, Appellant commenced a Chapter 7 bankruptcy action. [Case No. 3:11-bk-07333 (the "Chapter 7 Bankruptcy")].  PNC moved for relief from the automatic stay in the Chapter 7 Bankruptcy, which the Court granted.  [Case No. 3:11-bk-07333

---

[1] A copy of the instant Motion will be simultaneously filed in the related appellate case of *Lilia Belkova Russo v. Deer Run Property Owners' Association, Inc., PNC Bank, N.A., and Fidelity National Title Group*, at Case No. 5:20-cv-619-Oc-32.

– D.E. 36, 41].

3. On November 4, 2013, Appellant commenced a prior Chapter 12 bankruptcy action, which remains pending. [Case No. 3:13-bk-07570 (the "Prior Chapter 12 Bankruptcy")]. In the Prior Chapter 12 Bankruptcy, Appellant has engaged - and continues to engage - in extensive, abusive litigation tactics that amount to bad faith conduct, about which this Court will hear in the referenced appeals.

4. Based on Appellant's prior litigation tactics, the timing of Appellant's filing of the Present Chapter 12 Bankruptcy, and the representations and claims she made in her Schedules filed in the Present Chapter 12 Bankruptcy, it became abundantly clear that the Present Chapter 12 Bankruptcy was filed with an intent to hinder and delay her creditors, including but not limited to PNC, and was filed in bad faith.

5. On November 2, 2020, Creditor Deer Run Property Owners' Association, Inc. (the "Association") filed a Motion for Order of Dismissal With Extended Prejudice Period or Prospective Relief From the Automatic Stay (the "Motion to Dismiss") (Case No. 3:20-bk-02204-RCT – D.E. 31).

6. Given the history of Appellant's abusive litigation tactics in the Prior Chapter 12 Bankruptcy, and in view of Appellant's clear intent to continue such litigation tactics in the Present Chapter 12 Bankruptcy, PNC filed a Notice of Joinder in the Association's Motion to Dismiss (Case No. 3:20-bk-02204-RCT – D.E. 34), seeking a dismissal of the case.

7. Creditor, Fidelity National Title Group ("Fidelity"), likewise joined in the Association's Motion to Dismiss. (Case No. 3:20-bk-02204-RCT – D.E. 37, 38).

8. The Bankruptcy Court held a hearing on the Motion to Dismiss on November 19, 2020, at which, among other things, the Court granted the Motion to Dismiss. (Case No. 3:20-bk-02204-RCT – D.E. 55).

9. The Bankruptcy Court entered a written Order Granting the Motion to Dismiss (Case No. 3:20-bk-02204-RCT – D.E. 56), which provided certain relief to the Association, Fidelity, and PNC. The Order provided, among other things, that (i) the Present Chapter 12 Bankruptcy was dismissed with prejudice and without discharge; (ii) Appellant was enjoined from filing a subsequent bankruptcy petition for one year; and (iii) the Court reserved jurisdiction for thirty days to consider any motion(s) for relief from the automatic stay seeking prospective relief.

10. The Bankruptcy Court entered a separate Order Granting the Association's Motion for Prospective Relief From the Automatic Stay. (Case No. 3:20-bk-02204-RCT – D.E. 64).

11. On December 4, 2020, Appellant filed a Notice of Appeal of the Order Granting the Association's Motion to Dismiss and the Order Granting the Association's Motion for Prospective Relief From the Automatic Stay (the "First Appeal"). (Case No. 3:20-bk-02204-RCT – D.E. 68, 69).

12. On January 4, 2021, the Bankruptcy Court transmitted the Notice of the First Appeal to this Court (Case No. 3:20-bk-02204-RCT – D.E. 98, 101), which was assigned District Court Case No. 5:20-cv-619-Oc-32 and assigned the appeal to the Honorable Timothy J. Corrigan.

13. On December 1, 2020, as authorized by the Bankruptcy Court, PNC filed a Motion for Prospective Relief from Stay, which Appellant opposed. (Case No. 3:20-bk-02204-RCT – D.E. 66, 77, 79, 80).

14. The Bankruptcy Court held a hearing on PNC's Motion for Prospective Relief from Stay on December 16, 2020, and granted that Motion. (Case No. 3:20-bk-02204-RCT – D.E. 85, 90).

15. On January 5, 2021, Appellant filed a Notice of Appeal of the Order Granting PNC's Motion for Prospective Relief From the Automatic Stay (the "Second Appeal"). (Case No. 3:20-bk-02204-RCT – D.E. 102).

16. On January 12, 2021, the Bankruptcy Court transmitted the Notice of the Second Appeal to this Court (Case No. 3:20-bk-02204-RCT – D.E. 112), which was assigned District Court Case No. 5:21-cv-25-Oc-40 and assigned the appeal to the Honorable Paul G. Byron.

17. On January 19, 2021, PNC filed its Notice of Pendency of Other Actions pursuant to Local Rule 1.04, in which PNC identified District Court Case No. 5:20-cv-619-TJC as pending and addressing related orders entered by the bankruptcy court. (D.E. 5).

18. On January 22, 2021, the instant appeal was transferred to the Honorable Judge Corrigan and reassigned District Court Case No. 5:21-cv-25-Oc-32. (D.E. 7).

19. Due to the vast similarities in the claims and the common questions of fact, as well as law as to the propriety of dismissing the Present Chapter 12 Bankruptcy with extended prejudice and awarding the Association and PNC prospective relief from the automatic stay, the First Appeal and the Second Appeal are substantially related.

## II. ARGUMENT

Pursuant to Rule 1.04(b) of the Local Rules of the United States District Court for the Middle District of Florida, "[i]f cases assigned to different judges are related because of either a common question of fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to transfer any related case to the judge assigned to the first-filed among the related cases." "The moving party shall file a notice of filing the motion to transfer, including a copy of the motion to transfer, in each related case." *Id.* "The proposed transferor judge shall dispose of the motion to transfer but shall grant the motion only with the consent of the transferee judge." *Id.* In this instance, the Court has already transferred the instant appeal to the same Court as that presiding over Case No. 5:20-cv-619-Oc-32.

Similarly, Rule 42 of the Federal Rules of Civil Procedure provides that, when actions involve common questions of law or fact, the Court may order such actions be consolidated.

District courts sitting in their appellate capacity over appeals arising from bankruptcy matters have the authority under Local Rule 1.04 and Rule 42 to transfer and consolidate appeals that are substantially related. *See, e.g.*, *Winn-Dixie Stores, Inc. v. Liquidity Solutions, Inc.*, Case No. 3:07-cv-236-J-33, D.E. 17 (M.D. Fla. Jun. 6, 2007) (unpublished) (transferring and consolidating three "substantially related" bankruptcy appeals).

As set forth above, the issues raised by the First Appeal and the Second Appeal are substantially similar and raise common questions of law and fact related to the dismissal of the Present Chapter 12 Bankruptcy and the Orders awarding prospective relief from the automatic stay to the Association and PNC. More specifically, the Orders appealed in the First Appeal, i.e., the Order Granting the Motion to Dismiss and the Order Granting the Association's Motion for Prospective Relief From the Automatic Stay, and the Order appealed in the Second Appeal, i.e., the Order Granting PNC's Motion for Prospective Relief From the Automatic Stay, were based on the same facts, conduct and circumstances. In other words, the same or substantially similar conduct on the part of Appellant forms the basis for relief awarded to the Association, Fidelity, and PNC in the form of a dismissal of the Present Chapter 12 Bankruptcy with extended prejudice and prospective relief from the automatic stay. As such, the issues and arguments advanced by the parties in the First Appeal and the Second Appeal are inextricably interrelated and have common questions of law or fact. Therefore, prosecution of the two appeals separately will be duplicative, a waste of judicial economy and also risk the possibility of different results. In the interest of judicial economy, consolidation will allow the parties to respectively file one set of briefs as to the First Appeal and the Second Appeal, rather than file two virtually identical briefs in the two appeals. Moreover, the consolidation of the appeals into one will avoid the possibility of divergent opinions being entered in each appeal. Consequently, the consolidation of the First Appeal and the Second Appeal into a single appeal for consideration by the Court is appropriate.

## CONCLUSION

WHEREFORE, Appellee, PNC BANK, N.A., respectfully requests that the Court enter an Order granting this Motion, consolidating the First Appeal and the Second Appeal for all purposes, and granting such further relief as is just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

In compliance with Local Rule 3.01(g), undersigned counsel certifies that she has conferred with counsel for Deer Run Property Owners' Association, Inc., and counsel for Fidelity National Title Group, regarding the relief requested herein, and is authorized to represent that co-appellees, Deer Run Property Owners' Association, Inc. and Fidelity National Title Group, have no objection to the relief sought.  Counsel further certifies that she has attempted to confer with Appellant regarding the relief sought herein, but Appellant has not responded to undersigned counsel's efforts to confer.

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME REQUIREMENTS

In accordance with Rules 8013(f)(3)(A) and 8015(h), Fed. R. Bankr. P., this Motion complies with the requirements therein in that this Motion contains 1,512 words.

Dated: January 22, 2021
Jacksonville, Florida.

**McGLINCHEY STAFFORD**

*/s/ Kimberly Held Israel*
Kimberly Held Israel
Florida Bar No. 47287
10407 Centurion Parkway N., Suite 200
Jacksonville, FL 32256
Phone: (904) 224-4449 (Main)
Fax: (904) 485-8083
E-mail: kisrael@mcglinchey.com
E-mail: jpowell@mcglinchey.com
***Attorneys for Appellee, PNC BANK, NATIONAL ASSOCIATION***

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the above and foregoing *PNC BANK, N.A.'S MOTION TO CONSOLIDATE INSTANT APPEAL WITH RELATED APPELLATE CASE* has been furnished, via CM/ECF, this **22nd** day of **January, 2021**, to the following:

Lilia Belkova Russo
drliliabelkova@gmail.com
*Appellant*

Steven R. Braten, Esq.
sbraten@rosenbaumpllc.com
*Attorney for Appellee, Deer Run Property Owners' Association, Inc.*

Michele Cavallaro, Esq.
Michele.cavallaro@fnf.com
*Attorney for Appellee, Fidelity National Title Group*

               */s/ Kimberly Held Israel*
                 ATTORNEY