**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

In re:   Lilia Belkova Russo,

    Debtor.
                                                                      Bankr. No. 3:20-bk-2204-RCT
_____

LILIA BELKOVA RUSSO,

    Appellant,

v.                                                                 Case No. 5:20-cv-619-TJC

DEER RUN PROPERTY OWNERS'
ASSOCIATION, INC., PNC BANK, N.A.,
and FIDELITY NATIONAL TITLE GROUP,

    Appellees.
_____

LILIA BELKOVA RUSSO,

    Appellant,

v.                                                                 Case No. 5:21-cv-25-TJC

PNC BANK, N.A.,

    Appellee.
_____

## O R D E R

       These consolidated bankruptcy appeals are before the Court following the timely appeals by appellant Lilia Belkova Russo of the United States Bankruptcy Court's November 19, 2020 order which dismissed Russo's Chapter

12 bankruptcy case and imposed a one year bar against future filings (Doc. 1-3[1]), the November 23, 2020 order granting Deer Run Property Owners' Association, Inc. ("Deer Run") prospective in rem relief from the automatic stay (Doc. 1-2), and the December 21, 2020 order granting PNC Bank, N.A. ("PNC") prospective in rem relief from the automatic stay (Doc. 1-2 in Case No. 5:21-cv-25). The parties filed consolidated briefs in support of their respective positions. See Docs. 41, 51. Though permitted to do so, appellant did not file a reply. Deer Run has also filed an amended motion to dismiss the appeal as moot (Doc. 48) (and supplement thereto (Doc. 54)), and appellees filed a consolidated motion for sanctions against Russo and her counsel (Doc. 52). Appellant did not respond to either of these motions. Russo's counsel also filed an emergency motion to withdraw (Doc. 53), which the Court determined to carry with the case until it decided the sanctions motion.

Before taking up the merits of the appeals, the Court considers Deer Run's amended motion to dismiss the appeals as moot as to Deer Run (Doc. 48). As permitted by the Bankruptcy Court's November 19, 2020 order dismissing Russo's Chapter 12 bankruptcy case and its November 23, 2020 order granting Deer Run prospective relief from the automatic stay to pursue its in rem remedies (which orders Russo did not seek to stay), Deer Run resumed its state

---

[1] Unless otherwise stated, all filings are in Case No. 5:20-cv-619.

court foreclosure action against Russo's real property located at 2251 Buck Ridge Trail, Loxahatchee, Florida 33470. Following a judicial foreclosure sale on October 13, 2021, and after the state court overruled Russo's objection to the sale and rejected subsequent efforts by Russo and her mother to stay issuance of the certificate of title pending appeal, the Clerk of the Circuit Court for Palm Beach County, Florida, recorded a certificate of title on January 10, 2022, transferring ownership of the property to the highest bidder. See Doc. 54, Exhibits A, B, C.

With the 2251 Buck Ridge Trail property no longer in the bankruptcy estate, there is no relief this Court could provide that would affect Deer Run. The appeals are therefore dismissed as moot as to Deer Run. See Lashley v. First Nat'l Bank of Live Oaks (In re Lashley), 825 F.2d 362, 364 (11th Cir. 1987) (holding that "[w]hen a debtor does not obtain a stay pending appeal of a bankruptcy court or district court order setting aside an automatic stay and allowing a creditor to foreclose on property, the subsequent foreclosure renders moot any appeal") (citation omitted), cert. denied, 484 U.S. 1075, reh'g denied, 485 U.S. 1016 (1988).

Turning to the appeals as to PNC and Fidelity National Title Group ("Fidelity"),[2] the Court is sitting in an appellate capacity. It therefore reviews

---

[2] Although the order dismissing Russo's Chapter 12 case was on Deer Run's motion, PNC and Fidelity had joined the motion. See Doc. 1-3 at ¶ 1.

the bankruptcy court's legal conclusions de novo and its factual findings for clear error.  See, e.g., In re Yerian, 927 F.3d 122, 127 (11th Cir. 2019) (citation and quotation omitted).

In her brief, Russo raises three issues:  (1) whether the Bankruptcy Court erred in granting the motions for prospective relief from the stay; (2) whether the Bankruptcy Court erred in dismissing Russo's Chapter 12 case and doing so with prejudice to further filing for one year; and (3) whether the Bankruptcy Court erred by dismissing the Chapter 12 case without an evidentiary hearing.

Before issuing her rulings, the Bankruptcy Judge reviewed the parties' briefs and took judicial notice of the contents of Russo's three previous bankruptcy cases since 2011, the related appeals, and the related state court proceedings.  The Bankruptcy Judge held a lengthy hearing (see transcript, Doc. 42, Ex. A) at which Russo (appearing pro se) was permitted to make all of her arguments and speak as long as she wanted.   Russo discussed the evidence she might put forward if permitted (testimony from one of her former lawyers), but the Bankruptcy Judge explained why that evidence would not be relevant to the issues before the Court.  The Bankruptcy Judge explained to Russo that many of her arguments should be raised with the state court, were related to

her other bankruptcy cases, or were already on appeal.[3]  The Bankruptcy Judge discussed on the record the evidence before her and the applicable law before making her rulings, which were then incorporated into brief written orders.  Following entry of the dismissal order and the order granting Deer Run's motion for prospective relief from stay, the Bankruptcy Judge held a further hearing on PNC's motion for prospective relief from stay.  Russo did not appear at the hearing at the scheduled time, but the Bankruptcy Judge considered Russo's supplemental filings before ruling on the record in PNC's favor, reincorporating her earlier rulings.[4]

Upon careful consideration of the briefs and records on appeal, the Court concludes the bankruptcy court committed no errors of law and made no clearly erroneous factual findings.  The Bankruptcy Judge's orders are affirmed.

As to the appellees' consolidated motion for sanctions against Russo and her counsel (Doc. 52) (to which neither responded), the Court has determined to

---

[3] At the time, Russo had appealed the Bankruptcy Judge's summary judgment order finding PNC retained enforceable lien rights as to the same Buck Ridge Trail property.  See Case No. 5:20-cv-143-BJD.

[4] About thirty minutes after the hearing concluded, Russo appeared (without counsel for PNC present), seeking to be heard.  The Bankruptcy Judge explained to Russo that she had already ruled, and that Russo could seek rehearing, which she later did, but only after she had already filed a notice of appeal.  When the Bankruptcy Judge denied Russo's motion for reconsideration (finding the court had no jurisdiction in light of the appeals), Russo appealed that order too, resulting in Case No. 5:21-cv-633, a separate appeal now also pending before the undersigned.

deny the motion. Because the Court will not be awarding sanctions, Russo's counsel's emergency motion to withdraw (Doc. 53) (which represents that Russo refused to consent to counsel's withdrawal) is granted.

Accordingly, it is hereby

**ORDERED**:

1. Appellee Deer Run Property Owners' Association, Inc.'s Amended Motion to Dismiss Appeal as Moot (Doc. 48) is **GRANTED**. This appeal is dismissed as moot as to appellee Deer Run Property Owners' Association, Inc., which resolves the Bankruptcy Court's November 19, 2020 order dismissing Russo's Chapter 12 bankruptcy case as applied to Deer Run, and resolves its November 23, 2020 order granting Deer Run's motion for prospective relief from the automatic stay.

2. The United States Bankruptcy Court's November 19, 2020 order which dismissed Russo's Chapter 12 bankruptcy case and imposed a one year bar against future filings (Doc. 1-3) and the December 21, 2020 order granting PNC Bank, N.A.'s motion for prospective in rem relief from the automatic stay (Doc. 1-2 in Case No. 5:21-cv-25) are **AFFIRMED**.

3. Appellees' Consolidated Motion for Sanctions (Doc. 52) is **DENIED**.

4. David Lloyd Merrill, Esq and The Associates' Emergency Motion to Withdraw as Counsel for Appellant (Doc. 53) is **GRANTED**. The Clerk shall terminate Merrill and The Associates as counsel in this case and, though no

6

further filing is anticipated, to the extent there is any, appellant Lilia Belkova Russo will proceed pro se. The Clerk shall add Russo's contact information to the dockets of both cases as stated in counsel's motion.[5]

    5.    The Clerk shall close both files.

**DONE AND ORDERED** in Jacksonville, Florida this 4th day of March, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Honorable Roberta A. Colton
United States Bankruptcy Judge

Counsel of record

Lilia Belkova Russo (by mail and email)

---

[5] The Court is unsure whether Russo is still receiving mail at the 2251 Buck Ridge Trail address listed in the motion (which is the same address as the property sold at the state court judicial foreclosure sale). In a recent filing in a related case, Russo listed her address as 2259 Buck Ridge Trail, Loxahatchee, FL 33470, so the Clerk should mail a copy of this order to that address too. Additionally, the Clerk shall send it by email to drliliabelkova@gmail.com.